# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff. | **CRIMINAL NO. 25-177 (GMM)** |
| v. | |
| **SANTOS MERILIO PÉREZ-BAEZ,** Defendant. | |

## UNITED STATES' SENTENCING MEMORANDUM

TO THE HONORABLE COURT:

COMES NOW, the United States of America, through its undersigned counsel, and respectfully submits its position as to the sentence that should be imposed on Defendant, Santos Merilio Pérez-Baez at the sentencing hearing.

## BACKGROUND

This case initiated on March 23, 2025, at approximately 12:00 p.m., when the Puerto Rico Police Department (PRPD) F.U.R.A. Marine Unit detected a 30-foot sailboat named *Atlantis* approximately four nautical miles off the coast of Cabo Rojo, Puerto Rico. The vessel had six individuals onboard who claimed to be in distress. The PRPD Marine Unit notified the United States Coast Guard (USCG), which intercepted the vessel at sea. The six individuals were detained by the USCG and transported to the Mayagüez Ferry Terminal in Mayagüez, Puerto Rico. U.S. Customs and Border Protection (CBP) officers responded to the location and detained six undocumented individuals: one from the Dominican Republic, four from Brazil, and one from Albania.

That same day, all six individuals were interviewed by CBP officers. Each adult freely and voluntarily admitted to being illegally present in the United States. Among the group were two adults and two minors from Brazil, one adult from Albania, and Pérez-Baez, a citizen and national of the Dominican Republic, who identified himself as the captain of the *Atlantis*.



*Photo of the Atlantis Vessel*

During processing, and due to their lack of visas or documentation permitting them to apply for admission to or remain in the United States, the individuals were detained and transported to the U.S. Customs and Border Protection (CBP) San Juan Port of Entry for further processing and investigation.

At the San Juan Port of Entry, located at Luis Muñoz Marín International Airport, photographs and fingerprints were taken from all subjects—excluding minors—and entered into various law enforcement databases. The database checks confirmed that none of the six individuals had legal status in the United States.

Several members of the group admitted to having contacted a smuggling organization based in the Dominican Republic, reportedly led by the vessel's owner, a man known as "Pablo." They stated that they had agreed to pay approximately $25,000 USD to the smuggling organization upon successful completion of the journey and delivery to their intended destinations.

In addition, multiple individuals identified Pérez-Baez as the captain of the *Atlantis* and as a participant in the smuggling operation. They stated that he demonstrated knowledge of the maritime smuggling venture and, during the departure from the Dominican Republic and the voyage to Cabo Rojo, repeatedly instructed them that if intercepted by authorities, they should claim they were in route to Martinique for vacation and should not mention Puerto Rico.

Pérez-Baez does not possess any immigration documents authorizing him to enter or remain in the United States legally. This includes, but is not limited to, the absence of express consent from the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security. Furthermore, the defendant was not inspected, admitted, or paroled into the United States by an officer of the Bureau of Customs and Border Protection.

The investigation revealed that Pérez-Baez previously held a B1 visa for the United States, classified as "Captain of Yacht BIS," which expired on February 7, 2024. He later obtained a B1/B2 visa, which expired on March 24, 2024.

 

*Pérez-Baez's expired B1/B2 and B1 visas for the United States.*

## SENTENCING CONSIDERATIONS

The United States agrees with the U.S. Probation Office (USPO) in calculating that the Defendant has a Criminal History Category of I, which along with a Total Offense Level of 10, yields a guideline imprisonment range of six to 12 months of imprisonment. *See* Amended Presentence Report, Docket No. 27 at ¶ 62.

The United States agrees with the inclusion of a two-point adjustment for role in the offense was included by the USPO "[b]ecause the defendant used a special skill[1], this is his skills as a merchant mariner in a manner that significantly facilitated the commission or concealment of the offense; therefore, increase by 2 levels, pursuant to USSG §3B1.3." Docket No. 27 at ¶ 28.

---

[1]. "***Special skill***" refers to a skill not possessed by members of the general public and usually requiring substantial education, training or licensing. Examples would include pilots, lawyers, doctors, accountants, chemists, and demolition experts. U.S.S.G. § 3B1.3, Application Note 4.

Page | 4

In support of this adjustment, the defendant's Dominican Republic identification card lists his occupation as a marine merchant. *See* Exhibit No. 1. Additionally, a "Dispatch of Small Vessels" form issued by the Naval Command, Port Captaincy, and Maritime Authority of the Dominican Republic, dated March 21, 2025, states that the vessel *Atlantis*—registered in the state of Delaware under registration number DL2358AP—was sailing with six individuals onboard in connection with the venture at issue in this case. The vessel's manifest lists four Brazilian nationals, one Albanian national, and identifies Santos Pérez-Baez as the captain, with passport number MM0765866. The document is signed by Pérez-Baez. See Exhibit No. 2[2].

The passport number provided to Dominican Republic maritime authorities prior to the voyage matches the defendant's Dominican Republic passport. See Exhibit No. 3. Finally, the *Atlantis*' registration information confirms that the vessel is registered in Delaware under number DL2358AP.

**STATE OF DELAWARE**
**BOAT REGISTRATION CERTIFICATE**

| HULL ID NO | REG NO | MAKE | YEAR |
|---|---|---|---|
| CTYN4059B585 | DL2358AP | CATALINA 30 | 1985 |
| LENGTH | HULL MATERIAL | PROPULSION | OPERATION |
| 30' 0" | Fiberglass | Propeller | Pleasure |
| VESSEL TYPE | FUEL | ENGINE TYPE | EXPIRATION |
| Auxiliary Sail | Diesel | Inboard | 2025 |
| OWNER | | BOAT NAME | |
| CIPRIANA IONELA CRISMARU | | | |
| 2250 NW 114 TH AVE | | | |
| MIAMI, FL 33192 | | ATLANTIS | |

Based on the defendant's occupation as a marine merchant, his voluntary identification as the captain of the *Atlantis* 30-foot sailboat, and corroborating statements from other individuals onboard, the United States submits that the defendant possessed special skills "usually requiring

---

[2] The United States requests leave to file Exhibits 1 and 2 in the Spanish language. The English translations for both documents will be filed no later than 5/27/2025.

Page | 5

substantial education, training, or licensing," as contemplated by U.S.S.G. § 3B1.3.

## SENTENCE RECOMMENDATION

The United States requests that the defendant be sentenced to a term of 12 months of imprisonment, followed by a term of supervised release of three years. This sentence is sufficient, but not greater than necessary when considering the defendant's history and characteristics, the nature and circumstances of this offense, as well as the remaining 3553(a) factors.

When the individuals aboard the *Atlantis* were encountered by the U.S. Coast Guard, the defendant voluntarily admitted to being the vessel's captain. Multiple individuals onboard identified Pérez-Baez as the captain and as an active participant in the smuggling operation. They reported that the agreement was to pay between $20,000.00 and $25,000.00 to the smuggling organization upon successful completion of the journey and delivery to their intended destinations.

These individuals also stated that Pérez-Baez demonstrated knowledge of the maritime smuggling venture and, during the departure from the Dominican Republic and throughout the voyage to Puerto Rico, repeatedly instructed them to claim they were in route to Martinique for vacation if intercepted by authorities, and to avoid mentioning Puerto Rico.

In sum, there is no question that the defendant, acting as captain of the vessel, participated in a smuggling venture in which individuals risked their lives to enter the United States. The defendant's role as captain underscores the seriousness of the offense and demonstrates a clear disregard for U.S. immigration laws.

Accordingly, the United States respectfully submits that a sentence of twelve months of imprisonment is reasonable and just. In addition, three years of supervised release will help ensure proper deterrence from future criminal activity.

**WHEREFORE**, the United States respectfully requests that the Court take note of the above, and accordingly, a sentence of 12 months of imprisonment followed by three years of supervised release is imposed to the defendant in this case.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 20th day of May, 2025.

W. STEPHEN MULDROW
United States Attorney

*s/Emelina M. Agrait Barreto*
Emelina M. Agrait Barreto
Assistant United States Attorney
USDC No. 301004
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave. San Juan, PR 00918
Tel. (787) 282-1934
emelina.agrait.barreto@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same date a true and exact copy of the foregoing motion has been filed with the Clerk of the Court who would notify to the attorneys of record in this case.

*s/Emelina M. Agrait Barreto*
Emelina M. Agrait Barreto
Assistant U.S. Attorney